10-2128-ag
Chen v. Holder

BIA
A098 633 116

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of September, two thousand eleven.

PRESENT:

> JON O. NEWMAN,
> RICHARD C. WESLEY,
> PETER W. HALL,
>  *Circuit Judges.*

_____

SUE LIAN CHEN, also known as XUE LIAN CHEN,
>  *Petitioner,*

>  v.                                          10-2128-ag
>                                              NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
>  *Respondent.*

_____

FOR PETITIONER:          Michael Brown, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Linda S. Wernery, Assistant Director; Gregory M. Kelch, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Sue Lian Chen, a native and citizen of China, seeks review of a May 14, 2010, decision of the BIA denying his motions to reopen proceedings and to reissue its prior decision. *In re Sue Lian Chen,* No. A098 633 116 (B.I.A. May 14, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review motions to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (*citing INS v. Doherty*, 502 U.S. 314, 323 (1992)). Movants seeking reopening based on the submission of material, previously unavailable evidence, face a "heavy burden of demonstrating a likelihood that the new evidence presented would alter the result in the case." *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir. 2005) (internal citations omitted). Here, the BIA did not abuse its discretion in concluding that Chen failed to meet that heavy burden.

Chen argues that the BIA abused its discretion because the evidence he submitted was sufficient to meet his burden and establish his *prima facie* eligibility for relief. Contrary to his arguments, the BIA did not engage in impermissible speculation in deciding to give little weight to the village notice he submitted. The BIA observed that the notice had not been signed and supported its conclusion with information in a State Department Report that Chen submitted with his motion. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 149 (2d Cir. 2008) (holding that the agency is afforded "considerable flexibility in determining the authenticity of . . . documents from the totality of the evidence . . ."). Because, as the BIA noted, the State Department Report provided that "[d]ocumentation from China, particularly from Fujian Province, is subject to widespread fabrication and fraud," the BIA reasonably declined to credit the village notice that Chen had submitted. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (finding that the weight afforded to the applicant's

evidence in immigration proceedings lies largely within the discretion of the agency); *see also Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 213 (BIA 2010) (concluding that State Department reports on country conditions are highly probative evidence and usually the best source of information on conditions in foreign nations, and finding that the report outweighed particularized evidence on country conditions submitted by respondent); *Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147 (2d Cir. 2007) ("the BIA does not abuse its discretion in crediting the State Department reports in the face of uncorroborated . . . evidence to the contrary").

Finally, there is no support for Chen's argument that the agency should presume the authenticity of documents if there has been no negative credibility finding with respect to the petitioner's testimony. Although an underlying adverse credibility determination may act to taint an alien's later submissions in a later motion to reopen, *see, e.g., Qin Wen Zheng*, 500 F.3d at 147-49, Chen has not cited any basis for applying a presumption of authenticity where a petitioner was not found incredible on a separate claim.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk